

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
WILLIAM NUNZIATA,

     Petitioner,

-against-

DARWIN LaCLAIR,

     Respondent.
-----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 17 2013 ★
LONG ISLAND OFFICE

**MEMORANDUM & ORDER**
07-CV-2421 (TCP)

PLATT, District Judge.

Before the Court is William Nunziata's ("Petitioner") Petition for a Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2254. ECF No. 1.[1] The Petition challenges Petitioner's conviction, following a jury trial in New York State Supreme Court (Suffolk County), and the subsequently imposed sentence. The Court **DENIES** Petitioner's motion.

## BACKGROUND

### A.   Facts

Petitioner is a prisoner at Eastern Correctional Facility in Napanoch, New York. Resp't's Aff. ¶ 3, Resp't's Answer, ECF No. 16. Before Petitioner's arrest, law enforcement officials sought, and received, a warrant to search Petitioner's home in Ronkonkoma, New York. *See, e.g.*, Pet'r's Aff. Supp. Pet'r's 2007 Pet. 1-2. On December 14, 2000, after searching Petitioner's home, the law enforcement officials arrested Petitioner. *Id.* at 17. Petitioner was indicted on one count of Criminal Possession of a Controlled Substance in the First Degree (under New York Penal Law § 220.21). Resp't's Answer ¶ 4. Petitioner was tried in New York Supreme Court, Suffolk County; a jury was found him guilty of the charge. *Id.* On May 14, 2002, the Honorable Ralph T. Gazzillo sentenced Petitioner to a prison term of twenty-one-years-to-life. *Id.*

---

[1] This Petition regards both the present case number filed in 2007 ("2007 Petition") and a related Petition originally filed in 2009 under 09-CV-2877 ("2009 Petition"). The 2009 Petition was terminated and consolidated within the present case number.

1

Petitioner appealed his conviction in the New York Supreme Court, Appellate Division, Second Department. *See, e.g., id.* at ¶ 5. In his appeal, Petitioner argued: (i) the trial court improperly denied his request to controvert the search warrant; (ii) the evidence was not sufficient to establish his guilt; and (iii) his prison sentence was harsh and excessive. *See* Resp't's Answer ¶ 5.

On September 20, 2004, the Appellate Division affirmed the conviction. *People v. Nunziata*, 782 N.Y.S.2d 97 (N.Y. App. Div. 2004) (herein, *Appellate Holding*). The Appellate Division held, as to Petitioner's first claim, that "the [trial] Court properly concluded that there was no basis to suppress the evidence seized pursuant to a search warrant." *Id.* at 98. As to Petitioner's second claim, the Appellate Division held the trial court evidence "was legally sufficient to establish that [Petitioner] was in constructive possession of the cocaine seized from . . . his home." *Id.* As to Petitioner's third claim, the Appellate Division held that "the sentence imposed was not excessive." *Id.* On November 30, 2004, the New York Court of Appeals denied Petitioner's Leave to Appeal. *People v. Nunziata*, 821 N.E.2d 981 (N.Y. 2004) (table).

On May 29, 2007, Petitioner filed a motion to vacate his judgment of conviction. *See* Resp't's Answer ¶ 11. The trial court denied the motion and the Appellate Division denied Petitioner's related appeal. *Id.*

## B. Claims

As noted, *supra* note 1, Petitioner's application includes two petitions: the 2007 Petition and the 2009 Petition. The 2007 Petition argues "[t]he evidence was insufficient to establish Petitioner knowingly possessed in excess of four [ounces] of cocaine." 2007 Pet. ¶ 12. The 2009 Petition is based upon "all the issues raised on direct appeal and the post-conviction proceeding." 2009 Pet. 3, 09-CV-2877, ECF No. 1. As noted, those issues are: (i) the trial court improperly

2

denied Petitioner's request to controvert the search warrant; (ii) the evidence was not sufficient to establish Petitioner's guilt; and (iii) Petitioner's prison sentence was harsh and excessive. Additionally, as Respondent notes, "all issues raised" includes Petitioner's claim that the trial court incorrectly held, in that court's decision on the motion to vacate, that Petitioner received effective assistance of trial counsel. Resp't's Answer ¶ 16.

## DISCUSSION

### A. Legal Standard for a Petition for a Writ of Habeas Corpus

#### I. Generally

A state prisoner seeking federal habeas review of his state conviction is required to first exhaust all remedies available to him in the state courts. *See* 28 U.S.C. § 2254(b)(1)(a). Exhaustion requires alerting the state courts to the Federal nature of the claim and raising the claim in the state's highest court. *See, e.g., O'Sullivan v. Boerckel,* 526 U.S. 838, 839-40 (1999).

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." *Id.* at (b)(1)(a).

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* at (d).

> If an application [for a Writ of Habeas Corpus] includes a claim that has been "adjudicated on the merits in State court proceedings," § 2254(d), an additional restriction applies. Under § 2254(d), that application "shall not be granted with respect to [such a] claim ... unless the adjudication of the claim": "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." "This is [] 'difficult to meet,' *Harrington v. Richter,* 131 S. Ct. 770, 786 (2011), and "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt," *Woodford v. Visciotti,* 537 U.S. 19, 24 (2002).

*Cullen v. Pinholster,* 131 S. Ct. 1388, 1398 (2011).

### a. Analysis

Petitioner exhausted all remedies available to him in the State courts and alerted the State courts to the federal nature of his claims. As such, the Petition is properly before this Court.

The State courts adjudicated Petitioner's claims on their merits. Neither the trial court's decision nor the Appellate Division's affirmation were contrary to, or unreasonably applied, clearly established Federal law. *Cullen,* 131 S. Ct. at 1398. The Court holds, *in toto,* that the State courts' holdings were based upon reasonable determinations of the facts before those courts. *Id.*

### II. Statute of Limitations

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

4

Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d).

"Congress enacted AEDPA to advance the finality of criminal convictions. To that end, it adopted a tight time line, a one-year limitation period . . . . If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance." *Mayle v. Felix*, 545 U.S. 644, 664 (2005) (internal citations and quotations omitted).

### a. Analysis

As an initial matter, the Court "read[s] the pleadings of a *pro se* plaintiff liberally and interpret[s] them 'to raise the strongest arguments that they suggest.' " *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

As noted *supra*, the 2007 Petition raised one ground for relief: "the evidence was insufficient to establish Petitioner knowingly possessed in excess of four [ounces] of cocaine." 2007 Pet. ¶ 12 (*see, e.g.*, 2007 Petition at 7: "Ground Two: 'N/A' ").

Petitioner's 2009 Petition was based, as noted *supra*, upon "all the issues raised on direct appeal and the post-conviction proceeding." 2009 Pet. 3. The 2009 Petition also explicitly states that his Appellate Division appeal "arguing that the trial court erred (1) when it denied his motion to controvert the search warrant, (2) insufficiency of proof and weight of evidence, [and] (3) excessive and harsh sentence." 2009 Pet. 3.[2] After interpreting Petitioner's pleadings "to raise the strongest arguments that they suggest", the Court finds the grounds one and three in the 2009 Petition (the search warrant and the sentence, respectively) were not raised in a timely manner. The 2007 Petition states that Petitioner's motion to vacate was based upon ineffective assistance of counsel claims, not the substantive issues themselves. Petitioner did not raise the substantive

---

[2] The 2009 Petition also states that his 2007 Petition was dismissed without prejudice on May 24, 2007. This dismissal was vacated on August 6, 2007. *See* ECF No. 5.

5

claims until the 2009 Petition – and even then they were only raised implicitly. As such, the Court dismisses those claims.

The only remaining claim for substantive review is, therefore, the sufficiency of the trial evidence.

B.  **The Sufficiency of the Trial Evidence**

   a.  **Legal Standard**

As to the jury's findings, the United States Supreme Court has held that:

> the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution. The criterion thus impinges upon "jury" discretion only to the extent necessary to guarantee the fundamental protection of due process of law.

*Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (internal citation omitted) (emphasis in original); *see also Coleman v. Johnson*, 132 S. Ct. 2060, 2062 (2012).[3]

"In determining the sufficiency of the evidence, [the Court] must view the evidence in the light most favorable to the prosecution [] and decide whether the record is so totally devoid of evidentiary support that a due process issue is raised." *Bossett v. Walker*, 41 F.3d 825, 830 (2d Cir. 1994) (internal quotation and citations omitted).

---

[3] citing *Jackson* for the propositions that "[a] reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury . . . [a]nd second, on habeas review, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable." (internal citations and quotations omitted).

6

### b. Analysis

The Court concurs with the Appellate Division's holding that the evidence "was legally sufficient to establish that [Petitioner] was in constructive possession of the cocaine seized from a room in his house, and thus guilty of criminal possession . . . ." *Appellate Holding* 2. Moreover, the record contains (and is, therefore, not totally devoid of) evidence that Petitioner constructively possessed the cocaine found in his home. As Respondent states,

> When the police executed the search warrant, [P]etitioner was discovered running out of the room containing the narcotics and [drug] paraphernalia. He was wearing only his underwear. His "shoes and jacket" were located in that room, as were his identification cards and other personal effects. In fact, his personal papers and other personal effects were on the desk that also contained the narcotics and paraphernalia. Petitioner's fingerprints were on a plastic bowl from the desk containing the narcotics and paraphernalia. A spiral note book that contained his personal notes and papers was inside the desk.

Resp't's Mem. L. 16. This amount of evidence clears the *Bossett* due process bar. As such, the Petition is denied.

### CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's Petition for a Writ of Habeas Corpus.

**SO ORDERED.**

Dated: July 17 2013
Central Islip, New York

/s/ Thomas C. Platt

_____
Thomas C. Platt, U.S.D.J.